IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:16-CR-286-D(16) |
| VS. | § | |
| | § | |
| ROBERTO GAMEZ-HERRERA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Roberto Gamez-Herrera ("Gamez") has filed September 26, 2023 and October 31, 2023 motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) or (c)(1)(B) and (c)(2). For the following reasons, the court denies the motions to the extent that Gamez seeks relief under § 3582, and it dismisses the motions for lack of jurisdiction to the extent that Gamez's attempt to challenge the legality of his underlying sentence should be construed as a successive § 2255 motion.

I

Gamez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). On December 1, 2017 the court sentenced him to 188 months' imprisonment followed by 3 years of supervised release. Gamez appealed his sentence, but his appeal was dismissed on Gamez's motion. Gamez also filed a motion to vacate under 18 U.S.C. § 2255, which the court denied.

On September 26, 2023 Gamez filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) or (c)(1)(B) and (c)(2).  On September 28, 2023 the court entered an order directing the government to file a response to Gamez's motion and permitting Gamez to file a reply to the government's response no later than November 22, 2023.  The government filed its sealed response on October 4, 2023, in which it opposed Gamez's motion, and specifically opposed compassionate release.  Rather than file a reply to the government's response, Gamez filed on October 31, 2023 a second motion for reduction in sentence.  This motion clarifies that Gamez does not seek compassionate release.  *See* D. Br. (ECF No. 909) at 1 ("ATTN: THIS PETITION IS NOT A COMPASSIONATE RELEASE MOTION AND/OR PETITION." (bold font omitted)).  But Gamez's October 31, 2023 motion is otherwise substantially the same as his September 26, 2023 motion.

II

To the extent that Gamez seeks relief under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the court denies Gamez's motions because he has not exhausted his administrative remedies.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"  *United States v.*

*Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1

As the Fifth Circuit held in *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020), the language of § 3582(c)(1)(A) "is mandatory.  Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the BOP."  *Id*. at 468 (quoting 18 U.S.C. § 3582(c)).  "[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'"  *United States v. Delgado*, 2020 WL 2542624, at *1 (N.D. Tex. May 19, 2020) (Boyle, J.) (quoting *United States v. Gross*, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020)).  Accordingly, the rule in the Fifth Circuit is clear: "all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts."  *Franco*, 973 F.3d at 468.

Gamez has not shown that he exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A).  And in its response brief, to which Gamez has not replied, the government contends that it "inquired with counsel for the [BOP] and BOP has no record of [Gamez] submitting a request for compassionate release."  Gov't Br. (ECF No. 908) at 2. Accordingly, to the extent that Gamez seeks relief under § 3582(c)(1)(A), the court denies his motions.[1]

---

[1]It is unclear whether Gamez also intends to seek relief under 18 U.S.C. § 3582(c)(1)(B), which empowers a sentencing court to modify a sentence when expressly

III

The court also denies Gamez's motions to the extent that he seeks relief under 18 U.S.C. § 3582(c)(2).

Under § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term . . .  based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  In his motion, Gamez asks the court to "disagree with the actual methamphetamine Guidelines on policy grounds and sentence him to a lower guideline range," D. Br. (ECF No. 905) at 3, but he does not contend that he was sentenced based on a range that has subsequently been lowered.  Nor could he.  Guidelines Amendment 782, which retroactively lowered the base offense levels in U.S.S.G. § 2D1.1, became effective on November 1, 2014.  Gamez pleaded guilty to possession with intent to distribute methamphetamine in December 2016.  Applying the most recent version of the Guidelines Manual results in the same base offense level as it did at sentencing.  Because, even if sentenced today, Gamez would not receive a lower base offense level than he already received under Amendment 782, he is ineligible for a reduction in sentence under 18 U.S.C.

---

permitted to do so by statute. *See, e.g.*, *United States v. Benbrook*, 1997 WL 9996, at *1 (N.D. Tex. Jan. 3, 1997) (Fitzwater, J.) (citing *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam)).  Assuming that he did, the court denies the motions.  Standing alone, § 3582(c)(1)(B) does not provide a basis for a reduction in sentence, and Gamez has not shown that he is entitled to a sentence reduction under any other statute.

- 4 -

§ 3582(c)(2).[2]

## IV

## A

To the extent that Gamez's motions can be construed as challenging the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). Gamez has previously filed a § 2255 motion that was denied on the merits. *See Gamez-Herrera v. United States*, 2021 WL 3195488, at *1 (N.D. June 22, 2021) (Ramirez, J.), *rec. adopted*, 2021 WL 3192175 (N.D. Tex. July 28, 2021) (Fitzwater, J). He must therefore first obtain authorization from the United States Court of Appeals for the Fifth Circuit before he can pursue a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). But he has not received the required authorization. Accordingly, Gamez's attempt to challenge the legality of his underlying sentence, construed as a successive § 2255 motion, is dismissed for lack of jurisdiction.

_____

[2]The court suggests no view regarding whether Gamez would qualify for a sentence reduction under Amendment 821, which took effect on November 1, 2023. Gamez's motions, which were filed before Amendment 821 took effect, could only have been based on Amendment 782.

B

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability as to Gamez's construed successive § 2255 motion.[3]  The court finds that Gamez has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Gamez files a notice of appeal:

( )    he may proceed *in forma pauperis* on appeal.

(**X**)    he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

---

[3]No certificate of appealability is required for Gamez to appeal the part of this memorandum opinion and order that denies his motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) or (c)(1)(B) and (c)(2).

V

For the reasons explained, Gamez's September 26, 2023 (ECF No. 905) and October 31, 2023 (ECF No. 909) motions to reduce sentence are denied.

**SO ORDERED**.

December 14, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE