IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:16-CR-286-D(16) |
| VS. | § |
| | § |
| ROBERTO FRANCISCO | § |
| GAMEZ-HERRERA, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Roberto Francisco Gamez-Herrera ("Gamez") has filed a letter with the court seeking a reduction in his sentence. Treating the letter as a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), the court denies the motion without prejudice for failure to exhaust administrative remedies.[1]

I

Gamez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). On December 1, 2017 the court sentenced him to 188 months' imprisonment followed by 3 years of supervised release. Gamez appealed his sentence, but his appeal was dismissed on Gamez's motion. Gamez also filed a motion to vacate under 18 U.S.C. § 2255, which the court

---

[1]Gamez's motion is written entirely in Spanish, as is his letter. Assuming, without deciding, that the court is obligated to consider pleadings filed in Spanish, the government has provided a Spanish-language translation of Gamez's motion, and the court has used internal court resources to obtain uncertified English translations of his motion and letter.

denied.

On September 26, 2023 Gamez filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) or (c)(1)(B) and (c)(2), which the court denied. On October 29, 2024 he filed the instant letter, which has been docketed as a motion, again asking for a reduction in his sentence. On October 29, 2024 the court ordered the government to respond to Gamez's motion, which it did on November 5, 2024. Gamez then submitted a letter that was docketed on November 26, 2024. Gamez's motion is now ripe for decision.

II

Treating Gamez's letter as a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the court denies it because he has not exhausted his administrative remedies.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1

As the Fifth Circuit held in *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020), the language of § 3582(c)(1)(A) "is mandatory. Congress has commanded that a 'court *may not*

modify a term of imprisonment' if a defendant has not filed a request with the BOP." *Id*. at 468 (quoting 18 U.S.C. § 3582(c)). "[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" *United States v. Delgado*, 2020 WL 2542624, at *1 (N.D. Tex. May 19, 2020) (Boyle, J.) (quoting *United States v. Gross*, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020)). Accordingly, the rule in the Fifth Circuit is clear: "all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts." *Franco*, 973 F.3d at 468.

Gamez has not shown that he exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). In its response brief, to which Gamez has not expressly replied,[2] the government contends that it inquired with the BOP and obtained a record showing that Gamez made a request for compassionate release in February 2021 so that he could care for his sick father. But that request for compassionate release is insufficient to show exhaustion with respect to the instant motion, which is based on an entirely different ground for a reduction in sentence (i.e., Gamez's fear of violence by other inmates). There is no indication that Gamez has exhausted his administrative remedies with respect to the instant motion. Accordingly, the court denies Gamez's request for a reduction in sentence, without prejudice.

---

[2]As noted, *see supra* note 1, Gamez submitted a letter after the government responded. But the letter does not reply directly to the government's response.

\* \* \*

Accordingly, Gamez's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**SO ORDERED**.

March 5, 2025.

                                        SIDNEY A. FITZWATER
                                        SENIOR JUDGE